## BENJAMIN F. FELIX
### v.
## WILLIAM SCHARNWEBER.

CONTRACT—PATENT IMPROVEMENTS.—Under the evidence the court and jury were justified in holding that the defendant, in manufacturing and selling the reels with the improvements, was acting under his contract with the plaintiff, and bound to pay him the royalty therein provided.

APPEAL from the Circuit Court of Cook county ; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed June 16, 1886.

Messrs. FLOWER, REMY & GREGORY, for appellant.

Mr. H. F. VALLETTE, Mr. F. J. GRIFFENS and Mr. HENRY DECKER, for appellee.

BAILEY, P. J.    This was an action of assumpsit, brought by William Scharnweber against Benjamin F. Felix, upon the following contract:

" Memorandum of agreement between Benjamin F. Felix and William Scharnweber, both of the city of Chicago, made this 12th day of February, 1878, witnesseth: That whereas, the said Benjamin F. Felix and Wm. Scharnweber are joint proprietors of a certain patent for an improved rope-reel, and it is mutually decided between them that the interests of both are best subserved by one of them having exclusive control of the manufacture and sale of said reel, it is hereby agreed that the said Benj. F. Felix make such arrangements as may appear most desirable to him for their manufacture, and supervise and direct solely their sale.

" On each and every rope-reel sold, the said William Scharnweber is to receive one dollar, to be paid to him on the last business day of each and every month.

" The said William Scharnweber agrees not to manufacture any rope-reels whatever, or cause them to be manufactured,

but can make sales and report the same to Benj. F. Felix, or Felix, Marston & Blair, who will deliver and collect for the same."

The rope-reel mentioned in the contract consisted of a combination of a frame or rack and a series of spools, each having adjustable flanges, said rack being held in an inclined position by means of a depending brace, hinged to the back of the frame at the upper end, and connected at the lower end by means of a tie brace. After the execution of the contract, the defendant manufactured and sold 335 of said reels, for which the plaintiff had been paid and which are not in dispute. It then appearing that the reel was not giving satisfaction to purchasers, certain changes were made in the construction of the spools, after which the defendant manufactured and sold 2,164, for which he refuses to pay the plaintiff, claiming that the reel, as modified, constituted another and different rope-reel from the one contemplated by the contract.

It does not seem to be seriously questioned that the reel manufactured after the modification was adopted was identical in principle and construction with the one described in the specifications attached to the letters patent, except in the construction of the spool and the mode of its adjustment to the coils of rope. In the original reel the rollers of the spools were made of wood, and the flanges were provided on their inner surfaces with a series of sharp-pointed spurs, so adjusted as to engage the ends of the coils of rope, and the flanges were held in position against the ends of the coils by means of set-screws bearing against the axle. As modified, the inner faces of the flanges were made conical and provided with a series of circular ribs or corrugations concentric with the axles, so as to fit within the different sized openings in the coils of rope, and the rollers or axles were screw-threaded, the flanges also being provided with corresponding screw-threaded openings in their centers, whereby they could be moved upon the axle and firmly fitted against the coil.

The jury at the trial found the issues for the plaintiff and assessed his damages at $2,255, and judgment was rendered on the verdict. From said judgment the plaintiff has remitted

§91.   The principal question in the case is, whether the 2,164 reels in controversy should be deemed to have been manufactured and sold under and in pursuance of the contract.   The evidence tends to show that some time after the defects in the reel, as originally constructed, had been developed, the defendant told the plaintiff, who was the original inventor of the reel, that it would be necessary to make some improvements on it, and that thereupon the plaintiff, after suggesting various expedients, invented substantially the same modifications which were subsequently adopted, and suggested the same to the defendant.   There was also evidence tending to show that the defendant, after adopting the improvements invented and suggested by the plaintiff, proceeded to manufacture said machines and to label and mark them as made under the original patent.   Some expert testimony was given tending to show that the reel, after the improvements were adopted, was substantially identical in principle with what it was before.

We are of the opinion that, under all the evidence, the court and jury were justified in holding that the defendant, in manufacturing and selling the reels with the improvements, must be deemed to have been, and that he was in fact, still acting under his contract with the plaintiff, and bound to pay him the royalty therein provided.   The improvements in the structure of the reels were adopted, not by way of abandoning and abrogating the contract, but for the purpose of enabling the defendant to manufacture and sell reels more successfully under it.   Nor are we able to see that the rights and obligations of the plaintiff and defendant, growing out of the contract, were at all affected by the fact that a third party procured letters patent from the United States for the improved reel, and assigned such letters patent to the defendant.

We think the jury were instructed as to the law with substantial accuracy, and we find no material error in any of the rulings of the court at the trial.   The judgment will be affirmed.

Judgment affirmed.